UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2005-54CB,<br><br>Plaintiff,<br><br>v.<br><br>AMIR A. KHOSH; SFR INVESTMENTS POOL 1, LLC; ARBOR PARK COMMUNITY ASSOCIATION; DOE INDIVIDUALS I-X, inclusive, and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | Case No. 2:17-cv-00957-MMD-PAL<br><br>ORDER |
| SFR INVESTMENTS POOL 1, LLC,<br><br>Counter/Crossclaimant,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2005-54CB; ACCREDITED HOME LENDERS, INC.; AMIR A. KHOSH, an individual,<br><br>Counter/Crossdefendants. | |

This action concerns the foreclosure sale of real property located at 5409 Orchid Lilly Court, North Las Vegas, NV 89031 ("Property") to satisfy a homeowners' association lien ("HOA Sale"). Before the Court is Plaintiff/Counter-Defendant BoNYM's[1] motion for default judgment against Cross-Defendant Amir A. Khosh ("Borrower") on the sole

---

[1] BoNYM is the acronym used herein to refer to The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-54CB, Mortgage Pass-Through Certificates, Series 2005-54CB.

remaining claim in this action for breach of contract. (ECF No. 22 at 12; ECF No. 80 at 13.) BoNYM has also moved to file certain exhibits attached to its motion under seal. (ECF Nos. 89, 90 (sealed).) The Court will grant the motion to seal in its entirety but dismiss the claim and deny the motion for default judgment as moot.[2]

The Court finds that the breach of contract claim is time-barred by the applicable statute of limitations period. The statute of limitations period for a breach of contract claim under Nevada law is six years. *See* NRS § 11.190. Here, both the Amended Complaint (ECF No. 22 at 12) and BoNYM's exhibit (ECF No. 88-1 at 4) indicate that Borrower defaulted on his loan payment as of the summer of 2010. BoNYM brought this lawsuit in April 2017, long after the statute of limitations period had passed. Accordingly, BoNYM's claim against Borrower is too late and the Court dismisses it for that reason. Therefore, BoNYM's motion for default judgment (ECF No. 88) is denied as moot.

However, the Court finds compelling reasons to grant BoNYM's motion to seal Exhibits B and E accompanying BoNYM's motion for default judgment. (ECF Nos. 89, 90.)

In the Ninth Circuit there is "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 984, 993 (9th Cir. 2008). To overcome this presumption, a party must articulate "compelling reasons" justifying nondisclosure, such as use of the record to gratify spite, permit public scandal, circulate libelous statements, or release trade secrets. *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* The public interest in full disclosure of documents is grounded upon the "ensuring the 'public's understanding of the judicial process and of significant public events.'" *Id.* (citations omitted). The court has inherent power over its own records and files, and access may be denied where the court determines that the documents may be used for improper purposes. *Nixon v. Warner*

///

---

[2] The Court has found that the HOA Sale extinguished BoNYM's deed of trust ("DOT") and that Defendant/Counterclaimant SFR took title to the Property free and clear of BoNYM's DOT. (ECF No. 80.)

*Comm., Inc.*, 435 U.S. 589, 598 (1978); *Hagestad v. Tragesser*, 49 F.3d 1430, 1433–34 (9th Cir. 1995); *Kamakana*, 447 F.3d at 1179.

BoNYM raises compelling reasons justifying the filing under seal of Exhibits B and E. The exhibits contain Borrower's promissory note and payment information identifying the balance of the loan. (ECF No. 90 (sealed).) The public has no significant need to access this information and its dissemination could result in unnecessary economic or emotional harm to Borrower. Accordingly, the Court grants BoNYM's motion to seal.

It is therefore ordered that BoNYM's claim for breach of contract against Borrower is dismissed because it is time-barred.

It is further ordered that BoNYM's motion for default judgment (ECF No. 88) is denied as moot.

It is further ordered that BoNYM's motion to seal (ECF No. 89) is granted.

It is further ordered that the Clerk of Court will enter final judgment in accordance with this order and the Court's order at ECF No. 80 and close this case.

DATED THIS 2nd day of October 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE